UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re:<br><br>CLAUDIA G. GABRIELLE,<br><br>              Debtor. | CHAPTER 7<br>CASE NO. 18-10524-BAH |
| OLGA L. GORDON, CHAPTER 7 TRUSTEE FOR THE ESTATE OF CLAUDIA G. GABRIELLE,<br><br>              Plaintiff,<br>v.<br><br>KINGDOM COMMUNICATIONS, INC., BARBARA BROWN a/k/a BARBARA VOLZ a/k/a BARBARA TAYLOR,<br><br>              Defendants. | AP No. 18-1062 |

## AMENDED COMPLAINT

Olga L. Gordon, Chapter 7 Trustee for the bankruptcy estate of Claudia G. Gabrielle, brings this Amended Complaint to recover property transferred by the Debtor to Kingdom Communications, Inc. and Barbara Brown pursuant to 11 U.S.C. §§ 548, 549, 550, and 551.

JURISDICTION, VENUE AND STANDING

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, and 1334, and Rule 77.4(a) of the Local Rules of the United States District Court for the District of New Hampshire.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (H).

3. Venue is proper in the District of New Hampshire pursuant to 28 U.S.C. § 1409.

9695004v1

4. Pursuant to AO 7008-1, the Plaintiff consents to the entry of a Final Order and/or Final Judgment by this Bankruptcy Court.

## PARTIES

5. The plaintiff, Olga L. Gordon, is the Chapter 7 Trustee (the "Plaintiff" or "Trustee") of the bankruptcy estate of the above captioned Debtor's bankruptcy estate.

6. The defendant Kingdom Communications, Inc. ("Kingdom Communications"), upon information and belief, is an Indiana corporation, with a mailing address of 201 S Shady Shores Drive, Unit 1952, Lake Dallas, Texas 75065.

7. The defendant Barbara Brown, a/k/a Barbara Volz a/k/a Barbara Taylor ("Brown") is an individual with a last known residential address of 201 S Shady Shores Drive, Unit 1952, Lake Dallas, Texas 75065.  Upon information and belief, Brown is the principal officer of Kingdom Communications.

## GENERAL ALLEGATIONS

8. On April 20, 2018, Claudia G. Gabrielle (the "Debtor") filed a voluntary petition pursuant to Chapter 7 of 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code").

9. On April 20, 2018, the Trustee was appointed as the Chapter 7 Trustee of the Debtor's bankruptcy estate.

## THE DEBTOR'S FINANCIAL CONDITION

*A. The Debtor's Real Property Assets*

10. According to the Debtor's Schedule A/B, the Debtor lists ownership of a condominium located at 500 Waters Edge Drive, Unit 322, Lake Dallas, Texas, 75065 ("Unit 322") and values Unit 322 at $390,000.

2

9695004v1

11. Upon information and belief, the fair market value of Unit 322 is less than $390,000.

12. Upon information and belief, as of the date of the Debtor's petition, Unit 322 was encumbered by a mortgage in the amount of $362,047.

13. According to available land records, the Debtor acquired title to Unit 322 on or about March 10, 2017.

14. According to available land records, on March 3, 2017, the Debtor granted Brown power of attorney over her real property, including Unit 322 and her banking and financial institution accounts (the "March 2017 POA").

15. According to the March 2017 POA, the Debtor lists Brown as her mother.

16. Upon information and belief, Brown is not the Debtor's mother.

17. Upon information and belief, Brown, through her power of attorney over the Debtor's financial affairs, executed a mortgage against Unit 322, in the amount of $367,000.

18. According to available land records, the Debtor no longer maintains any ownership interest in Unit 322 as the Debtor transferred her interest in Unit 322 to a third party on June 21, 2018.

19. According to the Debtor's Schedule A/B, the Debtor also lists ownership of a condominium located at 500 Waters Edge Drive, Unit 324, Lake Dallas, Texas, 75065 ("Unit 324").

20. According to Schedule A/B, the Debtor values Unit 324, her claimed homestead, at $438,000.

9695004v1

21. Upon information and belief, the fair market value of Unit 324 is less than $438,000.

22. Upon information and belief, as of the date of the Debtor's petition, Unit 324 is encumbered by a mortgage in the amount of $414,487.

23. According to available land records, the Debtor acquired title to Unit 324 on or about December 18, 2017.

24. According to available land records, on November 10, 2017, the Debtor again granted Brown power of attorney over her real property, including Unit 324, and her banking and financial institution accounts (the "November 2017 POA").

25. According to the November 2017 POA, the Debtor lists Brown as her mother.

26. Upon information and belief, Brown is not the Debtor's mother.

27. Upon information and belief, Brown, through her power of attorney over the Debtor's financial affairs, executed a mortgage against Unit 324, in the amount of $416,100.

28. According to Schedule D, creditors maintain secured claims against the Debtor's estate totaling $778,053.

29. According to the Debtor's claims register, secured creditors have filed claims totaling $231,264.13 to date.

30. Upon information and belief, the Trustee is not aware of any other real property owned by the Debtor at any point during the period of the Transfers[1].

B. *The Debtor's Personal Property*

---

[1] See Paragraph 52 *infra*.

31. According to Schedule A/B the Debtor lists her personal property with a value of $111,446.

32. Upon information and belief, the Trustee is not aware of any material change in the value of the Debtor's personal property in 2016.

33. According to Schedule E/F the Debtor lists unsecured claims totaling $317,550.

34. According to Schedule E/F, the Debtor lists at least one creditor with an outstanding debt as early as 2012 totaling $22,035.

35. According to Schedule E/F, the Debtor lists multiple creditors with outstanding debt incurred as early as 2015:

| Entity | Date Debt Incurred | Amount |
|---|---|---|
| Card Services American Airlines AAdvantage | 2015 | $4,276.00 |
| CitiCards American Airlines AAdvantage | 2015 | $9,577.00 |
| Bank of America | 2015 | $30,256.00 |
| Bankers Healthcare Group, LLC | 2016 | $111,518.00 |
| Fidelity Investments | 2016 | $16,039.00 |
| USAA American Express Card | 2016 | $22,675.00 |
| American Express Starwood Preferred Guest | 2016 | $1,105.00 |
| Bank of America Visa Signature | 2016 | $16,128.00 |
| CitiCards Costco Visa | 2016 | $5,000.00 |
| Synchrony Bank Care Credit | 2016 | $8,577.00 |
| Synchrony Bank / JC Penney | 2016 | $2,208.00 |
| TJX Rewards | 2016 | $1,500.00 |
| | **TOTAL** | **$228,859.00** |

9695004v1

36. According to Schedule E/F, the Debtor lists additional creditors with outstanding debt incurred in 2017:

| Entity | Date Debt Incurred | Amount |
|---|---|---|
| Bankers Healthcare Group, LLC | 2017 | $59,424.00 |
| Cardmember Services Bankers Healthcare Croup | 2017 | $5,235.00 |
|  | **TOTAL** | **$64,659.00** |

37. Upon information and belief, the Debtor was insolvent at all relevant times in 2016.

38. Upon information and belief, the Debtor was insolvent at all relevant times in 2017.

THE DEBTOR'S CLOSE RELATIONSHIP WITH THE DEFENDANTS

39. Upon information and belief, Brown maintains a website at http://www.barbarabrown.com, which includes a webpage for Kingdom Communications.

40. Upon information and belief, in addition to serving as the principal officer of Kingdom Communications, Brown is the president and sole director of BGB Worldwide, Inc., a corporate umbrella which includes self-help programs including, without limitation, "Whole Life Whole Health" and "Be Made Whole."

41. Upon information and belief, Kingdom Communications is an affiliate of BGB Worldwide, Inc.

42. According to the Internal Revenue Service's (the "IRS") publicly available Tax Exempt Organizational Search, Kingdom Communications first filed for tax exempt status in 2009.

6

9695004v1

43. According to the IRS's publicly available Tax Exempt Organizational Search, Kingdom Communications last filed tax returns for Kingdom Communication in 2015.

44. According to the IRS's publicly available Tax Exempt Organizational Search, as of 2015, Kingdom Communications claimed gross receipts of not greater than $50,000.00.

45. According to the IRS's publicly available Tax Exempt Organizational Search, Kingdom Communications has never claimed gross receipts in excess of $50,000.00 in any given year.

46. According to publicly available information accessible online through the Texas Comptroller of Public Accounts, Kingdom Communications was incorporated in Indiana.

47. Upon information and belief, Kingdom Communications' corporate status has been dissolved since at least 2013.

48. Upon information and belief, because Kingdom Communications' corporate status lapsed, there has existed and still exists a unity of interest between defendants, and each of them, such that any individuality and separateness between them ceased, and each is the alter ego of the other.

49. Upon information and belief, as articulated above, the defendants have not observed corporate formalities with respect to Kingdom Communications.

50. Upon information and belief, according to a video accessible on YouTube, titled "My Road Back 'to Health' - Claudia Gabrielle, MD FAAFP," the Debtor developed a relationship with Brown beginning on or about March 2010.

51. According to the Debtor's Statement of Financial Affairs the Debtor states that Kingdom Communications helped save her life.

52. Upon information and belief, the Debtor has publicly appeared on behalf of Brown's organizations, including "Whole Life Whole Health."

53. Upon information and belief, the Debtor listed Brown as her mother on both the March 2017 POA and November 2017 POA.

THE DEBTOR'S FRAUDULENT TRANSFERS

54. Upon information and belief, the Debtor did not owe any debt to Kingdom Communications at any time during 2016.

55. Upon information and belief, the Debtor did not owe any debt to Kingdom Communications at any time during 2017.

56. Upon information and belief, the Debtor did not receive any property from any of the Defendants in return for her transfers in 2016.

57. Upon information and belief, the Debtor did not receive any property from any of the Defendants in return for her transfers in 2017.

58. Within 2 years of the Petition Date, the Debtor made the following transfers to Kingdom Communications:

| Date | Amount ($) | Check No. |
| --- | --- | --- |
| 4/13/2018 | 6,000.00 | 1517 |
| 3/30/2018 | 6,000.00 | 1512 |
| 3/15/2018 | 4,500.00 | 1510 |
| 2/28/2018 | 6,000.00 | 1508 |
| 1/31/2018 | 5,200.00 | 1505 |
| 2/15/2018 | 4,300.00 | 1506 |
| 1/12/2018 | 10,000.00 | 1502 |
| 12/29/2017 | 5,000.00 | 1501 |
| 12/15/2017 | 1,500.00 | 1497 |
| 12/15/2017 | 1,500.00 | 1500 |

| Date | Amount | Check # |
|---|---:|---|
| 11/21/2017 | 2,500.00 | 1494 |
| 12/8/2017 | 4,500.00 | 1492 |
| 9/6/2017 | 10,000.00 | 1483 |
| 11/30/2017 | 39,500.00 | 1496 |
| 11/6/2017 | 700.00 | 1490 |
| 10/13/2017 | 2,000.00 | 1487 |
| 9/15/2017 | 2,500.00 | 1484 |
| 9/29/2017 | 6,300.00 | 1486 |
| 8/31/2017 | 5,500.00 | 1482 |
| 8/16/2017 | 7,500.00 | 1481 |
| 11/15/2017 | 3,000.00 | 1491 |
| 7/31/2017 | 5,500.00 | 1476 |
| 10/30/2017 | 4,500.00 | 1488 |
| 5/1/2017 | 46,911.29 | 1453 |
| 5/16/2017 | 3,500.00 | 1457 |
| 5/30/2017 | 2,850.00 | 1462 |
| 6/15/2017 | 5,500.00 | 1463 |
| 7/6/2017 | 50,000.00 | 1469 |
| 7/17/2017 | 5,000.00 | 1470 |
| 6/30/2017 | 3,500.00 | 1452 |
| 5/30/2017 | 5,000.00 | 1461 |
| 3/17/2017 | 10,000.00 | 1441 |
| 3/1/2017 | 2,222.22 | 1438 |
| 2/15/2017 | 4,400.00 | 1433 |
| 2/1/2017 | 4,500.00 | 1431 |
| 4/17/2017 | 4,000.00 | 1450 |
| 4/3/2017 | 4,000.00 | 1448 |
| 1/1717 | 4,000.00 | 1426 |
| 1/4/2017 | 1,900.00 | 1422 |
| 11/17/2016 | 24,000.00 | wire |
| 12/30/2016 | 2,850.00 | 1416 |
| 12/30/2016 | 4,000.00 | 1414 |
| 12/15/2016 | 4,000.00 | 1410 |
| 12/12/2016 | 2,850.00 | 1409 |
| 11/30/2016 | 3,500.00 | 1402 |
| 10/11/2016 | 2,700.00 | 1387 |
| 10/31/2016 | 3,300.00 | 1355 |
| 10/27/2016 | 800.00 | 1392 |
| 10/27/2016 | 3,500.00 | 1391 |
| 10/27/2016 | 2,700.00 | 1393 |
| 11/8/2016 | 2,850.00 | 1398 |
| 11/4/2016 | 700.00 | 1396 |
| 10/14/16 | 3,000.00 | 1384 |

9

| Date | Amount | Check # |
|---|---|---|
| 10/14/2016 | 1,300.00 | 1385 |
| 7/11/2016 | 1,800.00 | 1356 |
| 9/16/2016 | 1,300.00 | 1375 |
| 9/16/2016 | 2,500.00 | 1374 |
| 8/17/2016 | 3,000.00 | 1366 |
| 8/30/2016 | 2,500.00 | 1370 |
| 8/9/2016 | 1,600.00 | 1357 |
| 10/3/2016 | 2,800.00 | 1378 |
| 10/3/2016 | 1,500.00 | 1379 |
| 10/3/2016 | 2,850.00 | 1380 |
| 9/6/2016 | 1,300.00 | 1371 |
| 5/25/2016 | 28,732.00 | 1342 |
| 7/6/2016 | 2,800.00 | 1350 |
| 7/6/2016 | 1,800.00 | 1351 |
| 8/1/2016 | 1,800.00 | 1362 |
| 8/1/2016 | 2,800.00 | 1361 |
| 6/17/2016 | 1,700.00 | 1347 |
| 6/17/2016 | 2,700.00 | 1346 |
| 6/1/2016 | 2,700.00 | 1343 |
| 6/1/2016 | 1,700.00 | 1344 |
| 5/3/2016 | 2,500.00 | 1333 |
| 5/3/2016 | 1,500.00 | 1334 |
| 5/16/2016 | 2,500.00 | 1337 |
| 5/16/2016 | 1,500.00 | 1338 |
| **TOTAL** | **$439,215.51** | |

59. The total amount transferred to Kingdom Communications is $439,215.51 (the "Transfers").

60. Upon information and belief, all of the Transfers occurred after the dissolution of Kingdom Communications.

61. According to the Trustee's investigation to date, all of the Transfers were made from a bank account held in the Debtor's name at Bank of America.

62. According the Trustee's investigation to date, all of the Transfers were deposited into an account maintained by Kingdom Communications at JPMorgan Chase Bank, N.A.

10

9695004v1

63. According to the Trustee's investigation to date, a review of the Debtor's schedules and financial information indicates that the Debtor transferred substantially all of her after tax income to Kingdom Communications in 2016 and 2017.

64. Upon information and belief, throughout the period of the Transfers the Debtor had monthly expenses of $13,033, exclusive of purported charitable donations.

65. According to the Debtor's testimony at the Section 341 Meeting, the Debtor's after tax income is approximately $18,000 per month or $216,000 per year for the last several years.

66. According to the tax returns provided by the Debtor to the Trustee, the Debtor's 2016 tax returns show a gross income of $321,492.

67. According to the Trustee's investigation to date, the Trustee has identified transfers totaling $137,932 from the Debtor to the Defendants in 2016.[2]

68. Upon information and belief, the Debtor's payment of expenses and transfers to the Defendants totaled $294,328 in 2016.

69. Upon information and belief during, the Debtor was not current in her payment to creditors during 2016.

70. According to the Trustee's investigation to date, the Trustee has identified transfers totaling $259,283.51 from the Debtor to the Defendants in 2017.[3]

71. Upon information and belief, the Debtor's payment of expenses and transfers to the Defendants totaled $415,679.51 in 2017.

---

[2] According to the Debtor's Statement of Financial Affairs, the Debtor attests to transferring $244,547 to Kingdom Communications in 2016
[3] According to the Debtor's Statement of Financial Affairs, the Debtor attests to transferring $283,105 to Kingdom Communications in 2017.

11

72. Upon information and belief during, the Debtor was not current in her payment to creditors during 2017.

73. The Debtor further testified as follows during the Section 341 Meeting: "Trustee: Are you basically giving most of your money to this organization? Debtor: I do more than tithing, yes..."

74. Upon information and belief, the Trustee is unaware of any change in employment for the Debtor during 2016.

75. Upon information and belief, the Debtor was insolvent at the time of each and every one of the Transfers.

76. The Debtor has additionally made at least four transfers to Kingdom Communications post-petition as follows (the "Post-Petition Transfers"):

| Date | Amount ($) | Check No. |
|---|---|---|
| 5/31/2018 | 1,200.00 | 1527 |
| 6/1/2018 | 10,000.00 | 1529 |
| 5/15/2018 | 7,500.00 | 1524 |
| 4/30/2018 | 4,500.00 | 1520 |
| **TOTAL:** | **$23,200** | |

77. Upon information and belief, Brown collected the Transfers and Post-Petition Transfers.

## COUNT I

(Avoidance and Recovery of the Transfers as Fraudulent Transfers Pursuant to 11 U.S.C. §§ 548(a)(1)(B), 550, 551)

78. The Trustee reasserts and realleges paragraphs 1 through 75 as if fully set forth herein.

79. Within two (2) years prior to the Petition Date, the Debtor made the Transfers to Kingdom Communications.

80. Kingdom Communications was the initial transferee of the Transfers.

81. The Debtor received less than reasonably equivalent value in exchange for the Transfers.

82. Upon information and belief, the Debtor did not owe any outstanding debts to the Defendants at the time of the Transfers.

83. Upon information and belief, the Debtor did not receive any property in return for the Transfers.

84. According to available records, the Debtor transferred funds to the Defendants in excess of her income in each and every month in 2016 and 2017:

| Date | Amount | Check No. | Monthly Total of transfers | Expenses from Schedule J (Not including estimated charitable gifting of $7,200) | Monthly Net Income per Debtor's 341 Testimony | Excess/Deficiency |
|---|---|---|---|---|---|---|
| 5/3/2016 | $2,500.00 | 1333 | $36,732.00 | $13,033.00 | $18,000.00 | -$31,765.00 |
| 5/3/2016 | $1,500.00 | 1334 | | | | |
| 5/16/2016 | $2,500.00 | 1337 | | | | |
| 5/16/2016 | $1,500.00 | 1338 | | | | |
| 5/25/2016 | $28,732.00 | 1342 | | | | |
| 6/1/2016 | $2,700.00 | 1343 | $8,800.00 | $13,033.00 | $18,000.00 | -$3,833.00 |
| 6/1/2016 | $1,700.00 | 1344 | | | | |
| 6/17/2016 | $1,700.00 | 1347 | | | | |
| 6/17/2016 | $2,700.00 | 1346 | | | | |
| 7/6/2016 | $2,800.00 | 1350 | $6,400.00 | $13,033.00 | $18,000.00 | -$1,433.00 |
| 7/6/2016 | $1,800.00 | 1351 | | | | |
| 7/11/2016 | $1,800.00 | 1356 | | | | |
| 8/1/2016 | $1,800.00 | 1362 | $11,700.00 | $13,033.00 | $18,000.00 | -$6,733.00 |
| 8/1/2016 | $2,800.00 | 1361 | | | | |
| 8/9/2016 | $1,600.00 | 1357 | | | | |
| 8/17/2016 | $3,000.00 | 1366 | | | | |
| 8/30/2016 | $2,500.00 | 1370 | | | | |
| 9/6/2016 | $1,300.00 | 1371 | $5,100.00 | $13,033.00 | $18,000.00 | -$133.00 |
| 9/16/2016 | $1,300.00 | 1375 | | | | |
| 9/16/2016 | $2,500.00 | 1374 | | | | |
| 10/3/2016 | $2,800.00 | 1378 | $24,450.00 | $13,033.00 | $18,000.00 | -$19,483.00 |

13

9695004v1

| Date | Amount | Check No. | Monthly Total of Transfers | Expenses from Schedule J (Not including estimated charitable gifting of $7,200) | Monthly Net Income per Debtor's 341 Testimony | Excess/Deficiency |
|---|---|---|---|---|---|---|
| 10/3/2016 | $1,500.00 | 1379 | | | | |
| 10/3/2016 | $2,850.00 | 1380 | | | | |
| 10/11/2016 | $2,700.00 | 1387 | | | | |
| 10/14/2016 | $3,000.00 | 1384 | | | | |
| 10/14/2016 | $1,300.00 | 1385 | | | | |
| 10/27/2016 | $800.00 | 1392 | | | | |
| 10/27/2016 | $3,500.00 | 1391 | | | | |
| 10/27/2016 | $2,700.00 | 1393 | | | | |
| 10/31/2016 | $3,300.00 | 1355 | | | | |
| 11/4/2016 | $700.00 | 1396 | $31,050.00 | $13,033.00 | $18,000.00 | -$26,083.00 |
| 11/8/2016 | $2,850.00 | 1398 | | | | |
| 11/30/2016 | $3,500.00 | 1402 | | | | |
| 11/17/2016 | $24,000.00 | wire | | | | |
| 12/15/2016 | $4,000.00 | 1410 | $10,850.00 | $13,033.00 | $18,000.00 | -$5,883.00 |
| 12/30/2016 | $2,850.00 | 1416 | | | | |
| 12/30/2016 | $4,000.00 | 1414 | | | | |
| Date | Amount | Check No. | Monthly Total of Transfers | Expenses from Schedule J (Not including estimated charitable gifting of $7,200) | Monthly Net Income per Debtor's 341 Testimony | Excess/Deficiency |
| 12/29/2017 | $5,000.00 | 1501 | $12,500.00 | $13,033.00 | $18,000.00 | -$7,533.00 |
| 12/15/2017 | $1,500.00 | 1497 | | | | |
| 12/15/2017 | $1,500.00 | 1500 | | | | |
| 12/8/2017 | $4,500.00 | 1492 | | | | |
| 11/30/2017 | $39,500.00 | 1496 | $45,700.00 | $13,033.00 | $18,000.00 | -$40,733.00 |
| 11/21/2017 | $2,500.00 | 1494 | | | | |
| 11/15/2017 | $3,000.00 | 1491 | | | | |
| 11/6/2017 | $700.00 | 1490 | | | | |
| 10/30/2017 | $4,500.00 | 1488 | $6,500.00 | $13,033.00 | $18,000.00 | -$1,533.00 |
| 10/13/2017 | $2,000.00 | 1487 | | | | |
| 9/29/2017 | $6,300.00 | 1486 | $18,800.00 | $13,033.00 | $18,000.00 | -$13,833.00 |
| 9/15/2017 | $2,500.00 | 1484 | | | | |
| 9/6/2017 | $10,000.00 | 1483 | | | | |
| 8/31/2017 | $5,500.00 | 1482 | $13,000.00 | $13,033.00 | $18,000.00 | -$8,033.00 |
| 8/16/2017 | $7,500.00 | 1481 | | | | |
| 7/31/2017 | $5,500.00 | 1476 | $60,500.00 | $13,033.00 | $18,000.00 | -$55,533.00 |
| 7/17/2017 | $5,000.00 | 1470 | | | | |
| 7/6/2017 | $50,000.00 | 1469 | | | | |
| 6/30/2017 | $3,500.00 | 1452 | $9,000.00 | $13,033.00 | $18,000.00 | -$4,033.00 |
| 6/15/2017 | $5,500.00 | 1463 | | | | |
| 5/30/2017 | $2,850.00 | 1462 | $58,261.29 | $13,033.00 | $18,000.00 | -$53,294.29 |
| 5/30/2017 | $5,000.00 | 1461 | | | | |

14

| | | | | | | |
|---|---|---|---|---|---|---|
| 5/16/2017 | $3,500.00 | 1457 | | | | |
| 5/1/2017 | $46,911.29 | 1453 | | | | |
| 4/17/2017 | $4,000.00 | 1450 | $8,000.00 | $13,033.00 | $18,000.00 | -$3,033.00 |
| 4/3/2017 | $4,000.00 | 1448 | | | | |
| 3/17/2017 | $10,000.00 | 1441 | $12,222.22 | $13,033.00 | $18,000.00 | -$7,255.22 |
| 3/1/2017 | $2,222.22 | 1438 | | | | |
| 2/15/2017 | $4,400.00 | 1433 | $8,900.00 | $13,033.00 | $18,000.00 | -$3,933.00 |
| 2/1/2017 | $4,500.00 | 1431 | | | | |
| 1/4/2017 | $1,900.00 | 1422 | $5,900.00 | $13,033.00 | $18,000.00 | -$933.00 |
| 1/1717 | $4,000.00 | 1426 | | | | |

85. Upon information and belief, at the time the Debtor made the Transfers, the Debtor was insolvent or became insolvent as a result of the Transfers.

86. Upon information and belief, at the time the Debtor made the Transfers, the Debtor was engaged in a business for which any property remaining was an unreasonably small capital.

87. Upon information and belief, at the time the Debtor made the Transfers, the Debtor intended that she would incur, or believed or reasonably should have believed that she would incur debts beyond her ability to repay them as they became due.

88. The Transfers may be avoided by the Trustee as fraudulent transfers pursuant to the provisions of 11 U.S.C. § 548(a)(1)(B), and recovered from the Defendants and preserved for the Debtor's bankruptcy estate pursuant to the provisions of 11 U.S.C. § 550 and 551.

## COUNT II

(Avoidance and Recovery of the Post-Petition Transfers Pursuant to 11 U.S.C. §§ 549, 550, 551)

89. The Trustee repeats and realleges paragraphs 86 of this Complaint and incorporates them herein.

15

9695004v1

90. The Post-Petition Transfers were post-petition transfers of estate property in the total amount of $23,200.

91. The Post-Petition Transfers were not authorized by the Bankruptcy Court or any provision of the Bankruptcy Code.

92. The Defendants were the initial transferee of the Post-Petition Transfers.

93. The Post-Petition Transfers may be avoided by the Trustee as a fraudulent transfer pursuant to the provisions of 11 U.S.C. § 549, and it or its value recovered from Kingdom Communications and preserved for the Debtor's bankruptcy estate pursuant to the provisions of 11 U.S.C. § 550 and 551.

## COUNT III

(Piercing the Corporate Veil of Kingdom Communications)

94. The Trustee reasserts and realleges paragraphs 1 through 91 as if fully set forth herein.

95. Upon information and belief, Kingdom Communications has not maintained an active corporate status since 2013.

96. Upon information and belief, Kingdom Communications has not filed non-profit tax returns since 2015.

97. Upon information and belief, Brown is the principal officer of Kingdom Communications.

98. Upon information and belief, Brown operated and controlled Kingdom Communications for her own personal benefit without regard to corporate

16

9695004v1

formalities, such that the business of Kingdom Communications and Brown were one and the same.

99. The Trustee is entitled to a declaratory judgment piercing Kingdom Communications' corporate veil, which is necessary to remedy an injustice upon the Debtor's creditors.

WHEREFORE, Olga L. Gordon, Chapter 7 Trustee respectfully requests that this Court enter an order and judgment as follows:

a) Under **Count I**, the Transfers may be avoided by the Trustee as fraudulent transfers pursuant to the provisions of 11 U.S.C. § 548(a)(1)(B), and recovered from the Defendant and preserved for the Debtor's bankruptcy estate pursuant to the provisions of 11 U.S.C. § 550 and 551;

b) Under **Count II**, the Post Petition Transfers may be avoided by the Trustee pursuant to the provisions of 11 U.S.C. § 549, and recovered from the Defendant and preserved for the Debtor's bankruptcy estate pursuant to the provisions of 11 U.S.C. § 550 and 551;

c) Under **Count III**, for a declaratory judgment piercing the corporate veil of Kingdom Communications and that the Transfers are recoverable from Brown; and

d) Grant such other and further relief this Court deems just and proper.

        Respectfully submitted,

        **OLGA L. GORDON, CHAPTER 7 TRUSTEE,**

        */s/ Olga L. Gordon*
        Olga L. Gordon, Esq. BNH#06338
        Anthony Leone, Esq. *(pro hac vice admitted)*
        Murtha Cullina LLP
        99 High Street
        Boston, Massachusetts 02110
        617-457-4000 Telephone
        617-482-3868 Facsimile
        ogordon@murthalaw.com

Dated: December 28, 2018

9695004v1